## Case No. 18,132.

### YEATMAN et al. v. HENDERSON et al.

[1 Pittsb. Leg. J. 9; 1 Pittsb. Rep. 20.]

Circuit Court, W. D. Pennsylvania. 1853.

PLEA IN BAR—WITHDRAWAL—DISCONTINUANCE—ENTRY WITHOUT LEAVE.

1. A plea in bar cannot be withdrawn, after the case has been prepared for trial, in order to file a plea in abatement.

2. A discontinuance, though required to be by leave of court, is generally entered without such leave, which is presumed, unless the defendant interfere, and ask the court to withhold leave, on account of the discontinuance being oppressive.

On motion to withdraw plea in bar, and file plea in abatement.

IRWIN, District Judge. This motion has been argued as if the only question before the court was the power of the court of common pleas of Lawrence county to strike off the discontinuance of the suit before them, and of the right of the plaintiff to discontinue his suit there without leave of court. This was arguing the validity of the plea before it was filed, while the only question was the right of the defendant to enter such a plea at this time. A plea in abatement, not being to the merits, is considered a dilatory plea, and receives no favor from the court. It is a stringent and unbending rule of law, with regard to these pleas, that they must be pleaded in a preliminary stage of the suit, and must be put in within four days after the declaration has been filed. It cannot be put in after a general imparlance. A court has refused to permit the general issue to be withdrawn to let in a plea in abatement, where the defendant swore that the general issue was pleaded, without his knowledge, and by a person whom he never meant to retain as attorney. Anon., 3 Caines, 102. In that case, too, the plea was delivered in time. But in the present case, the time for pleading a dilatory plea is not only gone by, but the defendant has pleaded in bar, the cause is at issue, parties have taken their depositions, and prepared for trial at this, the second term. No instance can be found where a court has permitted a plea in bar to be withdrawn when the cause is down for trial, in order to permit a defendant to plead in abatement; nor is there any sufficient reason for the exercise of such a discretionary power, if the court possessed it.

The defendant desires to plead the pendency of another action in Lawrence county,

while the fact that such action is pending has been brought about by the defendant himself, since the time for pleading in abatement in this suit has passed, and a plea in bar pleaded. The action in Lawrence county has been discontinued by plaintiff, and costs paid, before this suit was brought. A discontinuance, though required to be by leave of court, is, in practice, ninety-nine cases out of a hundred, entered without such leave, which is presumed, unless the defendant interfere, and ask the court to withhold leave, on account of the discontinuance being oppressive. When process of court is by arrest of the person and demand of bail, a discontinuance followed by another arrest is oppressive, and ought not to be permitted. In the present case, it is a mere contest as to which party shall have his choice of a tribunal. The revival of the action in Lawrence county is the act of the defendant, to trip up the plaintiff in his suit in this court, and that, too, at the second term, after issue and preparation made for trial. No precedent can be found for the use, or rather the abuse, of the discretion of the court (if they have such a discretion), by granting leave to a defendant, under such circumstances, to withdraw his issue, and commence a game of sharps or special dilatory pleas, at this stage of the pleadings, and we are not willing to make the first.